GREEN, INDIVIDUALLY AND TO USE OF CAROLINA INSURANCE COMPANY *v.* ZILE ET AL.

(Two Appeals In One Record)

[No. 210, September Term, 1960.]

*Decided May 10, 1961.*

*Motion for rehearing filed June 9, 1961, denied June 22, 1961.*

The cause was argued before BRUNE, C. J., and PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Marvin Braiterman,* with whom were *Felix S. Jacob, John J. Bishop, Jr.,* and *D. Eugene Walsh* on the brief, for appellant.

*Ralph G. Hoffman,* with whom was *David D. Patton* on the brief, for appellees.

PRESCOTT, J., delivered the opinion of the Court.

George Green, the appellant, sued the appellees in the Circuit Court for Carroll County for personal injury and property damage, as a result of an automobile accident which had occurred in Baltimore City. Thereafter, another suit was filed by the appellant, to the use of Carolina Insurance Company, to recover property damage paid by that Company as the appellant's insurer, under automobile collision coverage. Later, Samuel L. Warner, the owner of one of the vehicles in the collision, sued appellant for property damage, in a counter suit. All three cases were consolidated and tried as one. The jury's verdict was returned in favor of the appellees in all cases, so that judgment was entered in favor of the appellees as defendants for costs in the original cases, and in favor of Warner, one of the appellees, in the counter suit. The appellant has appealed from the judgments entered upon the verdict.

The accident out of which these cases arose occurred on Saturday, February 21, 1959, at approximately 7:10 A.M., in the intersection of Chesapeake Avenue and Fairfield Road, both public streets of Baltimore City. Chesapeake Avenue is a boulevard approximately 20 feet wide, running generally in east and west directions. Fairfield Road, the unfavored street, is approximately 30 feet wide, running in north and south directions, and controlled by two "stop" signs—one governing north bound traffic located on the southeast corner of the intersection, and one governing south bound traffic located on the northwest corner of the intersection. Both streets approaching the intersection are substantially level and intersect at the same grade.

At the time of the accident, George Green was driving his 1958 Ford automobile east on Chesapeake Avenue, the boulevard, at a speed of approximately 30 miles per hour. A tractor-trailer unit, operated by Charles L. Zile, was pulling out of Fairfield Avenue making a left turn to go west on Chesapeake Avenue. The tractor-trailer unit had an overall length of 48 feet; and fully loaded, as it was at the time, weighed between 58,000 and 62,000 pounds. The tractor-trailer was therefore pulling onto and making a left turn into a boulevard, the width of which was less than one-half the length of the tractor-trailer. Green testified that in approaching the intersection he had rounded a turn in Chesapeake Avenue from which he "could see about three blocks, clear view." When he was approximately 30 feet west of Fairfield Road he first saw the tractor-trailer that had pulled into and was blocking the intersection. He had not observed it before. He applied his brakes, but soon realized that he could not stop before hitting the tractor-trailer. He thought that his only chance to avoid the impact was to swing to the right around the southwest corner of the intersection—the only portion of the intersection that was not completely blocked. He accelerated his speed in order to squeeze into this opening, which was diminishing as the tractor-trailer continued to move and to turn to its left. The more it turned the closer the trailer came to the southwest corner and the smaller the opening became. By the time Green had reached what had been an opening, the trailer had closed in so closely to the southwest corner that the front end of Green's car struck the trailer at its left rear wheels.

According to the testimony, the driver of the tractor-trailer unit stopped at the "stop" sign, located 15 feet south of the southeast corner of the intersection. The driver, Zile, testified at that point he could see west on Chesapeake Avenue for a distance of approximately 400 feet to a bend. Before moving the tractor-trailer he looked to both his right and left and saw no traffic approaching from either direction. He admitted on cross-examination that the further he pulled into the intersection the further he could see west on Chesa-

peake Avenue; but from the time the tractor-trailer entered the intersection Zile did not again stop the forward motion of his cumbersome rig until the time of the impact, which occurred in the intersection. He testified that he had completely entered the intersection and was blocking the same for both east and west bound traffic when he again looked west and saw the Green car for the first time 250 feet from the intersection. When he did see the automobile, he continued his forward motion. At the time of the impact, the tractor, but not the trailer, had made the turn into the west bound lane of Chesapeake Avenue. Zile thought that the tractor-trailer was moving at about 3 miles per hour, and the automobile driven by Green was "doing excessive speed."

Green's automobile was severely damaged, and Green, unconscious, was removed from the scene by an ambulance. Warner's tractor-trailer received slight damage.

The appellant claims that the trial court committed quite a number of prejudicial errors in rulings upon his motions and prayers, and, also, in the court's instructions to the jury. The answers to two of his contentions will suffice to decide the controversy between the parties.[1] As the cases are presented to us in the briefs and by the record extract, they were tried below strictly on the bases of primary and contributory negligence—the appellant alleging that the driver, Zile, was guilty of primary negligence as a matter of law, and he (the appellant) was free of contributory negligence as a matter of law; and the appellees contending that Zile was not guilty of any primary negligence, and the accident re-

---

1. The respective duties of the drivers are controlled by Code (1957), Article 66½, Section 233, which reads as follows:

"(a) *In general.*—The driver of a vehicle shall come to a full stop as required by this article at the entrance to a through highway and shall yield the right of way to other vehicles approaching on said through highway.

"(b) *Stopping in obedience to stop sign.*—The driver of a vehicle shall likewise come to a full stop in obedience to a stop sign and yield the right of way to a vehicle approaching on the intersecting highway as required herein at an intersection where a stop sign is erected at one or more entrances thereto although not a part of a through highway."

sulted from appellant's negligence, alone—and no question of the doctrine of last clear chance is involved.

We do not reach the question of whether or not the appellant was guilty of contributory negligence as a matter of law, but we do reach the question of whether he was *free* of contributory negligence as a matter of law; because the appellant moved the court to instruct the jury (in the cases in which he was the plaintiff) that the liability of the defendants had "been established by the evidence as a matter of law." The granting of this motion would have meant a ruling that the evidence established primary negligence on the part of Zile and that the appellant was not guilty of contributory negligence, both as matters of law. The court denied · the motion and submitted both questions to the jury.

The appellant testified that he was travelling about thirty miles per hour. The accident occurred in a twenty-five mile zone. And he also testified that he did not see the huge rig being driven by Zile until he was within thirty feet of the intersection, although he had had a clear view ahead of him for some three blocks. This evidence was, at least, sufficient to take the question of the appellant's contributory negligence to the jury. It is true that this Court has jealously guarded and upheld the favored driver's right of way in boulevard cases, but it has never held that the favored driver had an *absolute* and *complete* right of way, which relieved him of all duty to exercise reasonable and ordinary care and caution for his own safety.[2] On the contrary, the Court said, as early as 1939 in *Greenfeld v. Hook,* 177 Md. 116, 8 A. 2d 888, that, "the traveller on the favored highway [does not have] an absolute, unqualified, and complete right of way, at all times and under all circumstances, over persons who have lawfully entered the street, nor [can he] proceed thereon in blind indifference to the danger to which his progress may expose others," but, "where a traveller on a favored high-

---

2. We shall not discuss the prior Maryland cases at length, because we have . done so in two very recent cases: Eastern Contractors, Inc. v. State, 225 Md. 112, 169 A. 2d 430 and Harper v. Higgs, 225 Md. 24, 169 A. 2d 661.

way knows or should know that his progress will endanger a traveller entering the same from a restricted highway, he must exercise reasonable care to avoid injuring him."[3]

Again, it was pointed out in *Belle Isle Cab Co. v. Pruitt,* 187 Md. 174, 179, 49 A. 2d 537, that, "the driver on the favored highway does not have an absolute right to proceed under all circumstances." See also 4 Md. L. Rev. 207, 213; *Shedlock v. Marshall,* 186 Md. 218, 236, 46 A. 2d 349; *Fowler v. De-Fontes,* 211 Md. 568, 574, 128 A. 2d 395.

Our most recent consideration of the subject was in the case of *Harper v. Higgs,* 225 Md. 24, 169 A. 2d 661. There, we held that the circumstances presented one of those rare instances in which the conduct of the favored driver (at an intersection controlled by blinker lights) was properly submitted to the jury to determine its reasonableness and prudence.

In the instant case, the uncontradicted evidence discloses that the unfavored driver, Zile, came to a stop before proceeding upon the favored highway. He had proceeded but a short distance from this stop before the collision occurred. The size of his vehicle and the weight of its load made it certain that he could not quickly accelerate his speed within a few feet (he estimated his speed at the start at about three miles per hour). He proceeded north across the intersection of Fairfield Road and Chesapeake Avenue and turned the tractor part of his rig west on Chesapeake Avenue, the direction from whence the appellant was approaching. At this time, according to all of the testimony, the tractor and trailer were completely blocking Chesapeake Avenue. In this situation, the appellant testified he was going thirty miles an hour

---

3. Of course, the relative rights of travellers at an intersection between a boulevard highway and an unfavored one are not to be held to depend on nice calculations of speed, time and distance lest the obvious purposes of the boulevard rule to accelerate the flow of traffic over the through highway, at the permitted speed, be thwarted; and the favored driver has a right to assume that the unfavored driver will stop before entering the through highway and yield the right of way to travellers thereon. Harper v. Higgs, supra.

(in a twenty-five mile zone), and failed to observe the tractor and trailer until within thirty feet of them, and from this point he was unable to avoid a collision.

Laying aside all consideration of whether this conduct on the appellant's part shows such a distinct, prominent and unquestionable lack of due care that it properly could be labeled contributory negligence as a matter of law (since that question is not before us), we think the jury, under the authorities cited above, might properly have concluded that, even though he was the favored driver, his unexplained failure to observe this slow-moving, tremendous vehicle, which was obstructing the entire highway, until within thirty feet of it, although his vision was unobscured, showed a lack of due care and caution on his part, which constituted contributory negligence and prevented his recovery as a plaintiff. *Shedlock v. Marshall, supra,* 186 Md. at page 235. There was, therefore, no prejudicial error to the appellant in submitting this question to the jury. And, in awarding money damages in the counter suit to the appellee, Warner, the jury's verdict, of necessity, included a finding that the appellant was guilty of negligence, which made the judgments against him for costs in the two cases in which he was the plaintiff proper.

This brings us to the question raised by appellant's motion in the counter suit of whether the driver of the tractor, Zile, was guilty of contributory negligence as a matter of law. We think the answer is clearly and definitely given in several previous decisions of this Court, cited above. It will be noted, as we stated above, no question concerning a last clear chance is before us. It was stated in *Shedlock v. Marshall, supra,* (186 Md. 235):

> "What the statutes, as interpreted by these decisions, mean is that a driver who enters, from an unfavored highway, an intersection with a favored boulevard or arterial highway where there are no traffic controls must yield the right of way to all the traffic he finds there during the entire time he is there. If he does not, and a collision results, he is at fault and cannot recover against the other driver unless

the doctrine of last clear chance enters the case. So far as his rights as a plaintiff are concerned, it makes no difference what the other party does in the first instance. He is negligent because he has not yielded the road. Being negligent himself, his action is barred. But when he is made a defendant in an action for damages resulting from the collision, he can always show that the other party was also guilty of negligence contributing to the accident, and if he succeeds in this, no verdict can be obtained against him. Then both parties are negligent."

See also *Greenfeld v. Hook, supra,* (177 Md. at page 130); *Belle Isle Cab Co. v. Pruitt, supra,* (187 Md. beginning at page 178); *Shriner v. Mullhausen,* 210 Md. 104, 122 A. 2d 570. Cf. *Eastern Contractors, Inc. v. State,* 225 Md. 112, 169 A. 2d 430. Much of the language quoted above from *Shedlock* was, also, quoted in *Harper v. Higgs, supra.*

The undisputed facts, as they have been outlined above, show that Zile was entering a boulevard highway from an unfavored one, controlled by a stop sign; that he did not yield the right of way to the appellant and a collision resulted; that the accident occurred within the intersection; and that no question of last clear chance is raised in this appeal. His failure to yield the right of way constituted contributory negligence on his part as a matter of law, which barred his employer's right to recover against the appellant, the defendant in the counter suit.

Having reached the above conclusions, it becomes unnecessary to discuss any further questions.

> *Judgments against the appellant for costs in the cases wherein he was the plaintiff affirmed, judgment in favor of appellee, Warner, in the counter suit reversed, without a new trial, and judgment entered therein in favor of the appellant for costs, the costs in this Court to be paid one-half by the appellant and one-half by the appellees.*