BROWN *v.* ELLIS ET AL.

[No. 28, September Term, 1964.]

490

*Decided November 12, 1964.*

The cause was argued before HENDERSON, C. J., and PRES-COTT, MARBURY, SYBERT and OPPENHEIMER, JJ.

*Sidney Blum* for the appellant.

*Gilbert A. Hoffman* and *A. Douglas Owens,* with whom was *Eugene A. Edgett, Jr.,* on the brief, for the appellees.

PRESCOTT, J., delivered the majority opinion of the Court. HENDERSON, C. J., dissents. Dissenting opinion at page 498, *infra.*

In a case seeking damages resulting from a collision between plaintiff's passenger car and the tractor-trailer truck belonging

to the corporate defendant, which was being operated by its employee, the other defendant, the trial court submitted the questions of primary and contributory negligence to the jury. The jury rendered a verdict in favor of the defendants, and, after judgment against him for costs was entered, the plaintiff has appealed.

Appellant's only contentions are: (1) that the question of primary negligence should not have been submitted to the jury; and (2) a like contention with reference to contributory negligence. He claims he was entitled, as a matter of law, to an instruction in his favor on both issues.

## I and II

It is established law that in a proper case, the trial court may, and should, direct a verdict for the plaintiff on the issue of the negligence of a defendant. *Dunnill v. Bloomberg,* 228 Md. 230; *Shriner v. Mullhausen,* 210 Md. 104. And in considering the propriety of taking the question of primary negligence from the jury and holding a defendant guilty of negligence as a matter of law, the evidence must be considered in a light most favorable to the defendant. This means, of course, that the Court must assume the truth of all credible evidence tending to sustain the defense presented, and draw all fairly deducible inferences from that evidence favorable to the defense. Cf. *Havre de Grace Fireworks v. Howe,* 206 Md. 158; *Ragonese v. Hilferty,* 231 Md. 520.

It is likewise proper, when the evidence warrants it, for the court to instruct the jury that the plaintiff has been shown to be free of contributory negligence as a matter of law. *Lindenberg v. Needles,* 203 Md. 8; *Reid v. Humphreys,* 210 Md. 178; Maryland Rule 552 a. In determining whether a plaintiff is entitled to such an instruction, the evidence must be submitted to the same test we set forth above, and considered in a light most favorable to the defense. This is the reason for considering I and II together.

The evidence, in a light most favorable to the defendants, is as follows. On September 22, 1959, at about 2:20 p.m. the appellee-defendant Ellis was operating a 48 foot tractor-trailer truck, owned by his employer, the corporate appellee-defend-

ant, in an easterly direction on Biddle Street in Baltimore City. The streets were dry and the atmosphere clear. Traffic on Biddle Street at its intersection with Washington Street (a street running in a north-south direction) is controlled by a stop-sign; in other words Washington is a "boulevard" thoroughfare under our law, and Biddle is an unfavored highway. At their intersection, both streets are about the same in width: some 35 to 36 feet; and Washington is a one-way street for traffic going north. Parking is permitted on both sides of Washington Street. A very short distance from the intersection, there is an underpass on Biddle Street, *i.e.*, to the east of Washington Street.

Ellis testified that when he came to the stop-sign, he came to a complete stop and looked in both directions on Washington Street; there were no cars parked thereon, and he could see approximately 800 feet in each direction; there was no traffic on Washington Street; he "entered across the street" and was traveling about ten to fifteen miles per hour; he was watching straight ahead, but, when about three-fourths of the way across the intersection he "glanced in both directions" on Washington Street, and also looked in his mirrors, the two side ones giving some vision to the right and left depending upon their slant; again, he saw no traffic on Washington, and he proceeded on.

When his cab was 10 to 15 feet on the east side of the intersection with the rear portion of the truck still occupying a portion of Washington Street, he glanced in his rear view mirror and, for the first time, observed the plaintiff approaching at a "fast" speed; after his cab reached a point about 20 feet east of the intersection, which meant that he had traveled some 55 feet from his stop, and at a time when the truck was going 15 to 20 miles per hour, the plaintiff, going north on Washington, ran his passenger car into the rear wheels of the trailer.

There was further testimony, viewed favorably to the defense, that would permit a finding that there was no damage to the truck except to the rear wheels (and tandem) of the *trailer,* and it was undisputed that the point of impact was within the intersection at about the center of Washington Street.

The plaintiff testified he had traveled in an easterly direction, and had entered Washington Street from Chase Street, a dis-

tance of some 300 to 400 feet south of the place of the collision. He proceeded north on Washington (as noted above, a one-way street), in the second lane of traffic from the left. His testimony relative to the operation of the vehicles just prior to, and at the time of, the collision conflicts sharply with that of the operator of the truck; but, since the evidence must be considered most favorably for the defense for the purpose of answering the questions here involved, it is unnecessary to state it.

The question of whether the truck operator was guilty of primary negligence as a matter of law gives us little difficulty. Appellees' main thrust here is that the applicable statute, the so called Boulevard Law, Code (1957), Article 66½, Section 233, requires the operator of an unfavored motor vehicle to come to a full stop, and yield the right of way to vehicles "approaching" on the favored highway. They argue that the evidence favorable to them showed that he stopped at the stop-sign, and at that time no vehicles were "approaching" on the favored thoroughfare. This fact, they say, is supported by appellant's statement that he entered Washington Street only 300 to 400 feet south of Biddle Street. And, if appellant were not "approaching" when the truck operator entered Washington Street, the operator had complied with both provisions of the above Act—he had stopped and he had yielded the right of way to "approaching" vehicles — consequently, the question of whether he was guilty of primary negligence was properly submitted to the jury.

With this conclusion, we are unable to agree. The question was answered at least as early as the case of *Shedlock v. Marshall*, 186 Md. 218 (1946), which has frequently been cited, with approval by this Court.[1] There, Chief Judge Marbury, for the Court, reviewed and analysed the previous Maryland decisions and said:

1. Two of such cases are our recent decisions in Harper v. Higgs, 225 Md. 24, and Green v. Zile, 225 Md. 339. We deem it unnecessary to consider, in detail, our previous decisions on the Boulevard Law, as we did so, at quite some length, in the above cases and Eastern Contractors, Inc. v. State, etc., 225 Md. 112.

"What the statutes, as interpreted by these decisions [all previous Maryland decisions on the subject], mean is that a driver who enters, from an unfavored highway, an intersection with a favored boulevard or arterial highway where there are no traffic controls must yield the right of way to all the traffic he finds there during the entire time he is there. If he does not, and a collision results, he is at fault and cannot recover against the other driver unless the doctrine of last clear chance enters the case. So far as his rights as a plaintiff are concerned, it makes no difference what the other party does in the first instance. He is negligent because he has not yielded the road. Being negligent himself, his action is barred. But when he is made a defendant in an action for damages resulting from the collision, he can always show that the other party was also guilty of negligence contributing to the accident, and if he succeeds in this, no verdict can be obtained against him. Then both parties are negligent."

It is the duty of the driver of a large, ponderous rig to proceed onto a boulevard (not controlled by signals or officers) from a stop-sign only with great caution; he should do so at a reasonable speed under the circumstances (compare Article 66½, Section 211 [e])—such a speed as to be able to reduce, or to stop if necessary, the forward movement of his vehicle in order to yield the right of way—; he should look observantly and with effect for traffic upon the favored highway, and a "glance" will not suffice. We do not deem it desirable to labor the question further. By a simple application of the law as enunciated in the above quotation to the facts of this case, it is clear, we think, that the truck driver was guilty of negligence as a matter of law, and the jury should have been so instructed.

We realize that the Legislature has placed a heavy responsibility upon the operator of a large, cumbersome vehicle (as well as the operators of other vehicles) when entering upon a through street, but this Court has stated that the salutory purpose of the Boulevard Law is to facilitate the flow of traffic on

the favored street; and, under proper circumstances, the rights of the owners and operators of such vehicles are protected by the law relative to contributory negligence and the doctrine of last clear chance.

The question in regard to contributory negligence presents a different picture. Appellant contends that he is within the boulevard rule on this issue as a matter of law. There can be little doubt that the decisions of this Court have jealously guarded and upheld the favored driver's right of way in boulevard cases. In fact, the Maryland decisions seem to go as far as any of our sister States in upholding such rights of way. However, no decision of this Court has ever stated that such a favored driver has a complete and absolute right of way which relieves him of all duty to exercise reasonable and ordinary care for his own safety. On the contrary, this Court, as early as 1939, stated in *Greenfeld v. Hook,* 177 Md. 116 that "the traveller on the favored highway [does not have] an absolute, unqualified, and complete right of way, at all times and under all circumstances, over persons who have lawfully entered the street, nor [can he] proceed thereon in blind indifference to the danger to which his progress may expose others," but, "where a traveller on a favored highway knows or should know that his progress will endanger a traveller entering the same from a restricted highway, he must exercise reasonable care to avoid injuring him." See also *Belle Isle Cab Co. v. Pruitt,* 187 Md. 174; *Shedlock v. Marshall, supra; Fowler v. DeFontes,* 211 Md. 568; 4 Md. L. Rev. 207, 213. (These cases and others are discussed in some detail in the three cases cited in footnote one; so we shall not repeat the discussion here.) Also compare *McDonald v. Wolfe,* 226 Md. 198 and *Dunnill v. Bloomberg,* 228 Md. 230. As stated in the quotation from *Shedlock, supra,* when the unfavored driver is made a defendant "he can always show that the other party was also guilty of negligence contributing to the accident, and if he succeeds in this, no verdict can be obtained against him. Then both parties are negligent." Of course, the relative rights of travelers at an intersection of a boulevard highway and an unfavored one are not to be held to depend on nice calculations of speed, time or distance lest the purpose of the boulevard rule to accelerate the flow of traffic

over the through highway, at the permitted speed, be thwarted; and the favored driver has a right to assume that the unfavored driver will stop before entering the boulevard and yield the right of way to travelers thereon. *Green v. Zile; Harper v. Higgs,* both *supra,* and cases cited therein. And, generally, in Maryland the issues in boulevard cases may be determined as matters of law. *McDonald v. Wolfe, supra,* and the cases cited on p. 202 of 226 Md.

We proceed to an analysis of the evidence as it relates to contributory negligence, to see if that issue, in this case, should be determined as a matter of law. The case presents some rather unusual aspects. It takes no "nice" calculation of speed, time or distance to arrive at the conclusion that if a 48 foot truck crosses a 36 foot favored highway with an underpass just about at its eastern side, a portion of the truck will remain on the 36 foot highway after its driver has traveled beyond the intersection, and as soon as he enters the underpass, his view to his right will be obscured. We stated above that it was undisputed that the point of impact was about in the center of Washington Street (Brown˙ testified he was traveling in the second traffic lane from the left), and the evidence, considered favorably to the defense, permitted a finding that there was no damage to the truck except to the rear wheels and tandem of its trailer.[2] If a favored motorist be driving, on a clear day with the streets dry, along a 36 foot one-way highway in its second lane from the left, and he arrives at an intersection and runs into the rear wheels of the trailer of a large 48 foot unfavored tractor-trailer truck (which has reached a speed of 15 to 20 miles per hour and the front portion has cleared the intersection), in the center of the street, again it requires no nice calculation of time, speed or distance to permit an inference that the motorist is not keep-

---

2. Judge Henderson's remarks in Schwartz v. Price, 215 Md. 43, are apposite here. In that case, he, for the Court, said: "In the instant case the physical facts do not support the theory of a passing accident. The uncontradicted fact that the door or left side of the favored vehicle was pushed in or dented so that it could not be opened, can only be explained on the theory that that was the point of impact."

ing a proper lookout, and is, therefore, not exercising ordinary care and caution for his own safety.

The law of negligence, insofar as perception is concerned, requires a person to give to his surroundings the attention that a reasonably prudent person would consider necessary under the circumstances, and he must use his senses to discover what is readily apparent. *Aleshire v. State,* 225 Md. 355; *Prosser, Torts,* § 31, p. 129; 38 Am. Jur., *Negligence,* § 24.

The rule is that a plaintiff in a tort action is entitled to an instruction that the evidence shows him to be free of contributory negligence as a matter of law only "where there is no evidence from which a reasonable mind could find or infer that he had directly contributed to his own injury by acting as an ordinarily prudent man would not act under the circumstances." *Reid v. Humphreys, supra,* and cases cited. Under the peculiar circumstances of this case as they have been narrated above, we, again, have one of those "rare instances in which the conduct of the favored driver was properly subject to the jury's determination of its reasonableness and prudence under the circumstances," *Harper v. Higgs, supra,* and we so hold.

We have carefully considered the case of *Goosman v. A. Duie Pyle, Inc.,* 206 F. Supp. 120, and think it distinguishable from the case at bar on its facts; however, to the extent, if any, that the opinion herein conflicts therewith, we respectfully decline to follow it.

Had this case been submitted to the jury for special verdicts under Maryland Rule 560, it is possible that much time and expense might have been saved; for, under our holding above, if there had been a finding by the jury of contributory negligence, there would be no necessity for a new trial.

> *Judgment reversed and case remanded for a new trial on the issues of contributory negligence and damages; the costs in this Court to be paid by appellees; those below to abide the result.*

HENDERSON, C. J., filed the following dissenting opinion.

I agree that the evidence shows that the unfavored driver of the tractor-trailer was negligent as a matter of law in failing to yield the right of way at a boulevard. I do not agree that the question of contributory negligence on the part of the driver of the favored automobile is one for the jury. Certainly there is nothing in the testimony of the driver of the tractor-trailer to show negligence on the part of the favored driver. The former did not see the automobile (although it had entered the boulevard 300 feet from the intersection where the collision occurred) until the very moment of impact. Obviously, he could throw no light on the crucial question as to whether the favored driver could have avoided the accident. The favored driver testified that he saw the tractor-trailer approaching and assumed that its driver would stop and yield the right of way. When he realized that the other driver was not going to do so, he made every effort to stop, but could not do so before striking the trailer. I see no evidence of contributory negligence here.

The majority opinion seems to rest entirely upon an inference of negligence from the physical fact that the automobile struck the trailer, rather than the tractor. This, of course, may have been due to the braking effect of the favored driver's effort to make an emergency stop. Surely the mere fact of striking the trailer does not show that the favored driver could have avoided striking it, or that he was inattentive. In this connection I may point out in *Sun Cab v. Hall*, 199 Md. 461, and *Harper v. Higgs*, 225 Md. 24, the two cases principally relied on, there was positive evidence of inattention. In *Hall* a passenger testified that the favored driver had his head turned talking to another passenger in the rear seat when the unfavored vehicle entered the boulevard one hundred feet away. In *Harper*, the driver was talking to another passenger, who called her attention to the other vehicle that had stalled in the intersection. That case was held to be properly submitted to the jury on the theory that had the favored driver been keeping a proper lookout she would have seen the stalled vehicle in time to have avoided striking it. That these cases did not purport to modify

the statement in other cases that the favored driver had a right to assume that the unfavored vehicle will yield, is made clear in *Dunnill v. Bloomberg,* 228 Md. 230, 234, where the authorities were exhaustively reviewed by Chief Judge Brune. I think there should have been a directed verdict under the circumstances.