## HARDY v. SANDLER

[No. 178, September Term, 1966.]

622

*Decided March 9, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and FINAN, JJ.

Submitted on the brief by *Russell Hardy, Sr.* for appellant.

*George R. Hughes,* with whom was *Edward C. Bell* on the brief for appellee.

BARNES, J., delivered the opinion of the Court.

The appellant, Russell Hardy, Sr., plaintiff below, brought an action against the appellee, Julius Sandler, in the Circuit Court for Montgomery County to recover damages resulting from a collision of the plaintiff's automobile with that owned by the defendant and operated by the defendant's sixteen year old son, Daniel L. Sandler. The case came on for trial before Judge Pugh and a jury. At the end of the plaintiff's case, the trial court directed a verdict in favor of the defendant because, in the trial court's opinion, the plaintiff was guilty of contributory negligence as a matter of law. In our opinion, the trial court was correct in this ruling, and the judgment entered for the defendant for costs will be affirmed.

The plaintiff testified that about 11:00 a.m. on Sunday, May 10, 1964, a clear, dry day, he drove his four-door Ford sedan west on Colesville Road in Silver Spring toward 16th Street and arrived at a stop sign on the north side of Colesville Road for westbound traffic. He came to a stop. He looked down 16th Street and saw it was clear of approaching traffic. He then began to move his vehicle across 16th Street and when about three-fourths through the intersection, he noticed the defendant's automobile, driven by Daniel, about 150 feet from his automobile coming from the south at a "very high speed." The defendant's automobile was on the extreme left hand side of the northbound lane of 16th Street, hugging the narrow grass median in that street and struck the plaintiff's automobile a hard glancing blow at its left front end, swinging it around from a westerly direction to almost due north. The defendant's automobile came to rest about 110 feet from the point of impact. The plaintiff's automobile weighed about 3300 pounds. It was completely demolished. Daniel, his brother and sister, occupied the defendant's automobile. Not one of them was injured.

The applicable statute is Code (1957) Art. 66½, §233(b) which provides:

> "(b) *Stopping in obedience to stop sign.* — The driver of a vehicle shall likewise come to a full stop in obedience to a stop sign *and yield the right of way to a vehicle approaching on the intersecting highway* as required herein at intersections where a stop sign is erected at one or more entrances thereto although

not a part of a through highway." (Emphasis supplied).

We, and our predecessors, have held rigorously and consistently, that the statutory obligation to yield the right of way when entering the favored highway is not discharged by coming to a full stop, but extends to the entire passage across the favored highway. The operator on the favored highway has a right to expect that the driver on the unfavored highway will observe this obligation and need not slow down when approaching the intersection of the favored highway and the unfavored street.

In our opinion, the decision in the present case is governed by the Court's decision in *Cooper v. Allen,* 243 Md. 9, 219 A. 2d 920 (1966). *Cooper* held that the operator of a truck, who had stopped at a stop sign at the intersection of Richwood Avenue and York Road (the favored highway) in Baltimore City was guilty of contributory negligence as a matter of law in not yielding the right of way to the operator of an automobile who was stopped for a red traffic light at Cold Spring Lane and York Road (approximately 150 feet from Richwood Avenue), at the time the truck began to enter the intersection. The driver on the favored highway took off at a "high rate of speed" when the light turned green and was travelling at 45 to 50 miles an hour when he struck the truck broadside when it was almost in the center of York Road. Judge Horney, for a majority of the Court, reviewed our prior decisions in *Brown v. Ellis,* 236 Md. 487, 204 A. 2d 526 (1964) ; *Green v. Zile,* 225 Md. 339, 170 A. 2d 753 (1961) and *Shedlock v. Marshall,* 186 Md. 218, 46 A. 2d 349 (1946) and stated:

> "Applying the rule, as quoted above, we come to the same conclusion we reached in *Green v. Zile, supra* (at p. 348 of 225 Md.) that the undisputed facts show that Allen was entering a boulevard highway from an unfavored one controlled by a stop sign; that he did not yield the right of way to Cooper and a collision resulted; that the accident occurred within the intersection; and that no question of last clear chance is raised on appeal. We hold therefore that the failure

of Allen to yield the right of way to Cooper constituted contributory negligence as a matter of law." (243 Md. at 14, 219 A. 2d at 922).

As in *Cooper*, the testimony of the plaintiff in the present case established that he entered a boulevard highway from an unfavored one controlled by a stop sign; that he did not yield the right of way to the operator of the favored vehicle; that the collision occurred within the intersection; and, that no question of last clear chance is raised on appeal.

The defendant also contends that there was insufficient evidence of primary negligence and the plaintiff urges upon us that the trial court erred in excluding a diagram of the intersection prepared by the plaintiff and the file and docket entries in a criminal case arising out of the accident. Although we see no error in the trial court's rulings on the evidence, it is not necessary for us to pass on these rulings. Assuming, arguendo, that there was error in the rulings, no prejudice resulted to the plaintiff from them since we agree that the plaintiff was guilty of contributory negligence as a matter of law on his own testimony. Likewise, it is not necessary for us to rule on whether or not there was sufficient evidence of primary negligence.

*Judgment affirmed; the costs to be paid by the appellant.*