MORTON RIBERKOFF, t/a Diamond Cab Company ET AL. *v.* SIDNEY Z. FIELDS ET AL.

[No. 604, September Term, 1971.]

*Decided April 26, 1972.*

The cause was argued before THOMPSON, MOYLAN and GILBERT, JJ.

*Edward P. Murphy*, with whom were *Swerdloff, Rabineau & Murphy* on the brief, for appellants.

No brief or appearance for appellees.

MOYLAN, J., delivered the opinion of the Court.

The automobile collision which gave rise to the present suit occurred on May 17, 1968, at the intersection of Fayette and Schroeder Streets in Baltimore City. Schroeder Street runs north and south and at the point of its intersection with Fayette Street, it is controlled by a stop sign in both directions. Fayette Street runs east and west, but at that point is a one-way street with traffic permitted to move only in a westerly direction. Sidney Z. Fields, the plaintiff below, (the appellee), was, immediately before the collision, proceeding in a northerly direction on Schroeder Street. James Green, a co-defendant below and the driver for the co-defendant Diamond Cab Company, (the appellants here), was, immediately before the collision, driving his taxicab in a southerly direction on Schroeder Street.

It was the intention of Mr. Green to stop at Sampson's Barbecue, a lunchroom located at 944 W. Fayette Street. Sampson's Barbecue was located just to the east of the intersection, to Mr. Green's left as he approached it. Because of the one-way street westbound, Mr. Green could not turn to the left. He stopped in response to the stop sign, looked in both directions, observed no traffic, and then proceeded to turn to his right or in a westerly direction just far enough to get his taxicab aligned with the axis of Fayette Street. He then shifted into rear gear and proceeded to back in an easterly direction across Schroeder Street with the intention of parking in front of Sampson's Barbecue once he had backed all the way across the street.

Mr. Fields testified that as he approached Fayette Street, he stopped in response to the stop sign. He looked to his left and right and, seeing nothing, proceeded into

the intersection. Just as Mr. Fields was approximately three-quarters of the way across the intersection, the rear of Mr. Green's taxicab struck the left side of Mr. Fields' automobile. The jury returned a verdict in the amount of $2,072.38 for the appellee against the appellants. Upon this appeal, the appellants claim 1) that the trial court committed error by admitting into evidence the police report of an investigating officer, a part of which was inadmissible hearsay and 2) that the trial court committed error in failing to grant the defendants' motion for a directed verdict at the conclusion of the entire case.

It was of significance to the appellee's case that the side of his automobile was struck by the rear of the appellant's taxicab and that the taxicab backed into him. Recalling seeing nothing prior to the impact, the appellee could not testify that he had actually seen the appellant backing toward him. Although arguably this fact might be deducible from the locations of the damage to the respective vehicles, the fact was established in another fashion. Officer Kevin Hilereth responded to the scene of the accident. He prepared a police report, a part of which contained his own direct observations and a part of which contained a version of the accident as given to him by witnesses. When the trial court agreed to receive in evidence the entire police report, the appellants vigorously objected. It may well be that portions of that report were inadmissible. See *Levine v. Beebe*, 238 Md. 365; *Holloway v. Eich*, 255 Md. 591; *Honick v. Walden*, 10 Md. App. 714. In this case, the issue is moot, however, since the appellant took the stand, as a part of the defense case, and testified explicitly that he did, indeed, back into the side of the other vehicle. Rosetta Neeley, a passenger in the taxicab, another defense witness, also testified to the same fact. Since the evidence was properly before the jury via the testimony of the appellant Green and the witness Neeley, its reception on another occasion via the hearsay route was simply cumulative and could in no event be deemed prejudicial. *Maged v. Yellow Cab Company*, 237 Md. 340.

The appellants claim that the trial judge was in error in not granting a directed verdict for the defense both at the conclusion of the plaintiff's case and at the conclusion of the entire case. The appellants offered evidence in their own defense. It is elementary that a party who offers evidence, by doing so, withdraws the earlier motion made for a directed verdict at the close of the evidence offered by the opponent. Maryland Rule 552b. We go on to consider the propriety of denying the motion for a directed verdict at the conclusion of the entire case.

It is the position of the appellants that the unfavored driver-appellee was, as a matter of law, guilty of contributory negligence. As rigorous as has been the application of the boulevard rule in Maryland, the rule is not applicable in the circumstances of this case. We find the case of *Nicholson v. Page*, 255 Md. 659, of helpful analogy to the case at bar. There the unfavored driver was permitted to recover from the favored driver and the boulevard rule was held to be not applicable. Judge Barnes said for the Court, at 666-667:

> "In the present case, the plaintiff did stop as required by law before entering Carey Street. He looked to his left and saw that northbound traffic was at a standstill in the northbound lane and would necessarily remain standing until the bus, as the first stopped vehicle occupying substantially all of the northbound traffic lane, moved forward. The bus driver waved the plaintiff on to cross the northbound lane thereby reasonably indicating to the plaintiff that the bus would not move forward, as, indeed, it did not. Having then substantially crossed the northbound lane of Carey Street, the plaintiff properly looked to his right to see whether or not there was any southbound traffic to which he was required to yield the right-of-way. Seeing no such southbound traffic (and there was none), he then proceeded to cross the south-

bound lane of Carey Street. In our opinion, it was not foreseeable by the plaintiff that the defendant would drive his automobile from the standing position in the *northbound* lane of Carey Street, 15 feet behind the bus, cross into the *southbound* lane, contrary to the statutory requirement, and attempt to make a left-hand turn, contrary to the statutory requirement, into Ward Street. This unforeseeable and negligent act by the defendant was, as we have already indicated, the proximate cause of the collision and not the lawful passage of the plaintiff's vehicle across Carey Street."

As in *Nicholson*, the appellee here did stop as required by law before entering Fayette Street. He looked to his right and saw no traffic approaching in a permitted westerly direction. He looked to his left and saw no traffic approaching in an easterly direction even in violation of the one-way mandate westbound. Any observation of the appellant's taxicab as it came in a southerly direction along Schroeder Street and turned right, or westbound, onto Fayette would have indicated that it was beyond the intersection and, indeed, moving away from it. In our opinion, it was not foreseeable by the appellee that the appellant would suddenly stop, shift into reverse and then, against the lawful flow of traffic, come backing all the way across the intersection. We cannot agree that the appellee was, as a matter of law, guilty of contributory negligence. We therefore hold that the trial judge was correct in permitting the issues of both primary negligence and contributory negligence to go to the jury. See generally Annotation, "Liability for injury occasioned by backing of motor vehicle in public street or highway," 63 A.L.R.2d 5, and especially Section 10 thereof, "Collision of vehicles from intersecting streets," and Section 11 thereof, "Collision after turning into intersecting street."

*Judgment affirmed; costs to be paid by appellants.*