## SUN CAB COMPANY *v.* FREDERICK FAULKNER.
[No. 18, October Term, 1932.]

*Decided November 30th, 1932.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, and SLOAN, JJ.

*Samuel J. Aaron,* with whom was *Howard L. Aaron* and *G. Dudley Iverson, 4th,* on the brief, for the appellant.

*Samuel Greenfeld,* with whom was *William Greenfeld* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The case arises out of a collision at a street crossing between two taxicabs, in one of which the plaintiff was a passenger. This cab carrying the plaintiff had the right of

way, but the other, carrying an injured man hurriedly to a hospital, was driving across the right of way at the direction of a police officer who had placed the injured man in the cab and was riding with him. There was testimony tending to prove that the cab carrying the plaintiff was being driven at an unlawfully high rate of speed; and the principal question is whether that high speed, if proved, could be held to have been a proximate, concurring cause of the collision.

The crossing was that of Fayette and Greene Streets in Baltimore City, and the cab of the Sun Company was carrying the plaintiff eastwardly on Fayette Street. There were light signals for traffic at the crossing, and witnesses on both sides agree that the "Sun" cab had a green light before it, giving it the right of way. There was testimony that this cab was driven at a speed of from thirty-five to forty miles an hour, that it was slowed down somewhat as crossings were approached, and that its speed was then increased for the crossings. Meanwhile a "Yellow" cab, with the injured man and the officer, was coming southwardly on Greene Street, disregarding any red lights before it at crossings. On coming up to the red light at Fayette Street, the driver hesitated, but was told by the officer to drive through again. The driver estimated the rate of speed of the "Yellow" cab at the crossing at about twenty miles an hour. The two drivers came within sight of each other, across the corner of the abutting buildings, at a distance apart of about thirty feet. Both swerved, but as the plaintiff and one of his witnesses testified, they came together immediately, or about as soon as they came within sight of each other. The plaintiff was injured, and sued the employers of both drivers, and the jury sworn for the trial found a verdict in favor of the Yellow Cab Company, but against the Sun Cab Company. The present appeal by the Sun Company is from the judgment on that verdict.

The case is unlike those in which, there being no signals, by lights or by traffic officers, two drivers approaching each other on intersecting streets have the burden of determining which has the right to cross unobstructed by the other. In

those cases there is commonly a question of the exercise of due care on the part of one driver or the other in deciding to cross when he did, but in the present case no such question is present. Nor does the case involve the question of care which arises when a driver who has the right of way at a crossing sees ahead of him another driving into the crossing in violation of that right and might avoid collision by yielding it; as stated, the plaintiff's evidence would not admit of a finding that there was any interval of time for such action after the two cabs came within sight of each other across the corner. The only question now to be considered starts from a settled fact that the Sun cab driver clearly had the right of way, and was entitled to drive forward on the assumption that no one would at that time attempt to drive out of Greene Street and across that right of way on Fayette Street.

If negligence is found in the rate of speed at which the Sun cab was being driven, that fact alone does not, of course, answer the question of liability. The negligence must have been the cause of the collision. *Taxicab Co. v. Hamburger,* 146 Md. 122, 125 A. 914; *United Rwys. & Elec. Co. v. Perkins,* 152 Md. 105, 110, 136 A. 50; *Slaysman v. Gerst,* 159 Md. 292, 299, 150 A. 728; *Philadelphia, W. & B. R. Co. v. Stebbing,* 62 Md. 504, 516. There would be no foundation in fact here for a holding that by driving at a reduced speed the Sun Company driver might have avoided the collision after the two cabs came within sight of each other. The contribution of the Sun cab to the accident appears to have been only that of being there at the moment, a circumstance which might have arisen with or without negligence in approaching the place. But taking it as proved that there was negligence in the rate of speed in this instance, that negligence, in the approach, must be found to have been the cause of the collision, or there can be no legal responsibility for it on the Sun Company's part. The principal cause was, obviously, the unexpected coming through of the Yellow cab, in violation of the right of way. Its doing so was not a consequence of any speed maintained by the Sun cab. Whatever other consequences the speed might have threatened, it

could not be said that it threatened to cause a collision with a cab so coming through. On the contrary, the situation created by it, if left to itself, with all its natural consequences, would have been a safe one; and it was only by the intervention of the independent agency that the collision resulted, an independent agency not set in motion or at all influenced by the driving of the Sun cab. That being true, the assumed negligence of the driver of that cab could not be treated as a proximate, legal cause of the accident and injury." "It is generally held that, in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances." "Whoever does an illegal act is answerable for all the consequences that ensue in the ordinary and natural course of events, though those consequences be immediately and directly brought about by the intervening agency of others, provided the intervening agents were set in motion by the primary wrongdoer, or provided their acts causing the damage were the necessary or legal and natural consequence of the original wrongful act." *State v. Washington, B. & A. El. R. Co.,* 130 Md. 603, 612, 101 A. 546, 549; *Hagerstown v. Foltz,* 133 Md. 52, 57, 104 A. 267; *United Rwys. & Elec. Co. v. Perkins,* 152 Md. 105, 110, 136 A. 50. For these reasons it is the conclusion of this court that the instructions prayed by the Sun Cab Company, in its first and sixth prayers, to the effect that there was no evidence in the case legally sufficient to establish negligence by it causing the accident, and to support a recovery against it, should have been granted, and a verdict directed for that defendant accordingly. This conclusion dispenses with consideration of other questions raised on behalf of that defendant.

*Judgment reversed without a new trial, with costs to the appellant.*