## MONUMENTAL MOTOR TOURS, INC., *v.* SARAH E. BECKER.

### [No. 19, April Term, 1933.]

*Decided May 25th, 1933.*

The cause was argued before BOND, C. J., PATTISON, URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Foster H. Fanseen,* with whom was *Charles F. Goldberg* on the brief, for the appellants.

*John C. Kump,* for the appellee.

URNER, J., delivered the opinion of the Court.

It is necessary to discuss only one of the exceptions in the record before us on this appeal. The decisive exception was taken because of the refusal of the trial court to withdraw the case from the jury. The suit was for personal injuries sustained by the plaintiff, while a passenger in the defendant's

motor bus, in consequence of its collision with a taxicab at a street intersection in Baltimore. A judgment on verdict for the plaintiff was the result of the trial.

The accident happened at the intersection of Fayette and Washington Streets. As the motor bus was proceeding at night eastwardly on Fayette Street, it was struck by the taxicab, which entered the intersection from the north. According to uncontradicted evidence, the motor bus was then about halfway over the crossing. Fayette Street is a through traffic boulevard, and there was a stop sign to control the movement of vehicles approaching it along the street on which the taxicab was being driven. There was testimony that both the motor bus and the taxicab were exceeding the lawful speed limit as they came to the place of the collision. The driver of the taxicab, having been called as a witness for the plaintiff, testified that he tried to stop his car before crossing Fayette Street, but was unable to do so because the brakes were "faulty," although they had been working properly until that time, and when he found that they were useless he swerved to his left in an effort "to go around alongside or in front" of the motor bus, which he did not observe until it was in the intersection of the streets, and which was moving straight ahead south of the center line of Fayette Street when the impact occurred.

It was testified by the driver of the motor bus that it had passed the building line of Washington Street when he first saw the taxicab, which was then several feet beyond the building line of Fayette Street, and that when the bus was struck it had, to the extent of two-thirds of its length, crossed the middle line of Washington Street. Contradicting the testimony of the plaintiff and another passenger, that the bus was not stopped after the collision until it reached a point opposite the fourth or fifth house east of Washington Street, the bus driver testified that he stopped it at the instant of the impact, and then drove it a short distance to avoid interference with traffic. On cross-examination he was asked whether,

if he had turned to the right instead of going straight ahead, the accident would have been averted, and in reply he said that it would not, because the taxicab driver "cut to his left and followed me up." Since the motor bus was struck about the center of its left side, when more than half of it was to the east of the middle line of the intersection, the taxicab must have swerved to its left beyond that line, according to the only inference on this point of which the evidence admits.

There is no testimony from which it could be rationally inferred that the driver of the bus could have avoided the collision after the danger of its occurrence became apparent. The question is whether the case should have been submitted to the jury because of evidence, on behalf of the plaintiff, that the bus was being driven at a speed beyond the legal limit. The decision of that question depends upon the further inquiry as to whether the speed of the bus could reasonably be regarded as the proximate cause of the accident.

In *Sun Cab Co. v. Faulkner,* 163 Md. 477, 163 A. 194, a passenger in a taxicab of the Sun Cab Company was injured in a collision of the car of which he was an occupant with a taxicab of the Yellow Cab Company. The cab carrying the plaintiff had the right of way, as indicated by a green traffic light, when it was driven eastwardly on Fayette Street into its intersection with Greene Street, and the other cab entered the intersection in disregard of the adverse red light, at the direction of a police officer accompanying, in that cab, an injured man who was being taken to a hospital. There was evidence that the Sun cab approached the scene of the accident at a higher speed than the law allowed. This court, in an opinion by Chief Judge Bond, said: "If negligence is found in the rate of speed at which the Sun cab was being driven, that fact alone does not, of course, answer the question of liability. The negligence must have been the cause of the collision. *Taxicab Co. v. Hamburger,* 146 Md. 122, 125 A. 914; *United Rwys. & Elec. Co. v. Perkins,* 152 Md. 105, 110, 136 A. 50; *Slaysman v. Gerst,* 159 Md. 292, 299, 150 A. 728; *Phila., W. & B. R. Co. v. Stebbing,* 62 Md. 504,

516. There would be no foundation in fact here for holding that by driving at a reduced speed the Sun Company driver might have avoided the collision after the two cabs came within sight of each other. The contribution of the Sun cab to the accident appears to have been only that of being there at the moment, a circumstance which might have arisen with or without negligence in approaching the place. But taking it as proved that there was negligence in the rate of speed in this instance, that negligence, in the approach, must be found to have been the cause of the collision, or there can be no legal responsibility for it on the Sun Company's part. The principal cause was, obviously, the unexpected coming through of the Yellow cab, in violation of the right of way. Its doing so was not a consequence of any speed maintained by the Sun cab. Whatever other consequences the speed might have threatened, it could not be said that it threatened to cause a collision with a cab so coming through. On the contrary, the situation created by it, if left to itself, with all its natural consequences, would have been a safe one; and it was only by the intervention of the independent agency that the collision resulted, an independent agency not set in motion or at all influenced by the driving of the Sun cab. That being true, the assumed negligence of the driver of that cab could not be treated as a proximate, legal cause of the accident and injury."

In that case, as in this, the plaintiff was a passenger of the defendant, but that fact does not prevent the application of the rule that the negligence of which the plaintiff complains must be the proximate cause of the injury for which he sues. *Klan v. Security Motors,* 164 Md. 198, 164 A. 235. The principle of the decision in the cited case applies with special force to the facts now presented. There was here no attempt by the driver of the taxicab to ignore the right of way to which the driver of the motor bus was entitled and which he was in the act of exercising. On the contrary, there was an effort by the taxicab driver to stop his car before it entered the intersection and became a menace to the motor bus pro-

ceeding on the boulevard from the right. That object would have been accomplished, as appears from his testimony for the plaintiff, if the brakes of the cab had not suddenly become inefficient. If, in that emergency, he had turned the cab to the right, instead of swerving it to the left, he might have passed to the rear of the bus, half of which had then moved beyond the middle of the intersection and out of the course which south-bound travel would normally follow. While relying upon the protection which the traffic sign was intended to afford for his right of way, the bus driver had no reason to anticipate and guard against such contingencies as those to which the accident in this case must be attributed, and to which the speed of the bus had no relation.

In our judgment, the evidence in the record is not sufficient to prove that the negligence charged to the driver of the bus was the proximate cause of the collision in which the plaintiff was injured, and the prayer to direct a verdict for the defendant should, for that reason, have been granted.

*Judgment reversed, with costs.*