## WITRIOL *v.* PFUELLER AND CASSELL

[No. 428, September Term, 1966.]

178

*Decided June 9, 1967.*

The cause was argued before HAMMOND, C. J., and MARBURY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

*Emanuel H. Horn,* with whom was *Delverne A. Dressel* on the brief, for appellant.

*Eugene A. Edgett, Jr.,* with whom was *Luke K. Burns, Jr.,* on the brief, for Max Pfueller, one of the appellees; *Milton I. Vogelhut* for Aaron C. Cassell, other appellee.

MARBURY, J., delivered the majority opinion of the Court. McWILLIAMS, J., dissents.

Henry Witriol, plaintiff-appellant, brought a motor tort action against Max Pfueller and Aaron C. Cassell for damages received as the result of an automobile accident. The case was tried before a jury, the late Judge Harlan presiding, in the Baltimore City Court. From the judgment on the jury's verdict against appellant, he has appealed.

Witriol sustained personal injuries caused by the accident which occurred at approximately 7:15 a.m. on November 7, 1962, a clear and bright day. The accident occurred on the Jones Falls Expressway, a multi-lane highway running into the center of Baltimore City. Traffic was heavy that morning. The southbound portion of this north-south expressway was divided into three lanes—the easternmost lane, next to a center railing, was fourteen feet wide; the center lane was twelve feet wide; and the westernmost lane was fourteen feet wide. On the western portion of the southbound expressway, in the area of the accident, there was a six and one-half foot shoulder; however, access to this area was hindered by a concrete curbing approximately six inches in height. The accident occurred some 6,000 feet south of the Cold Spring Lane interchange. The appellant was driving southbound in the middle lane, after entering at the Cold Spring Lane interchange. Because the sun was so bright, Witriol had his sunvisor down. Cassell, who also had entered the expressway at Cold Spring Lane, was proceeding south in the westernmost lane. In order to avoid striking an abandoned automobile parked in the western lane, he veered into the middle lane and struck Witriol's vehicle. Cassell testified that the sun momentarily interfered with his vision prior to observing the abandoned automobile in his lane of traffic. The Cassell and Witriol automobiles apparently hooked together until they stopped. Both Cassell and Witriol got out of their cars, inspected the damage, and exchanged information. Witriol testified that Cassell told him that, "I am sorry, the sun blinded me." Witriol re-entered his car and moved it forward directly in front of Cassell's disabled automobile, which was in the western lane. It was agreed that after Witriol had moved his automobile forward, the distance between the rear of it and the front of Cassell's automobile was a car's length. The testimony was conflicting as to whether the Cassell automobile was partially in the middle lane or wholly within the western lane.

Following the collision with Cassell and the parking of his automobile, Witriol stood on the shoulder about five feet from his automobile. He noticed something was leaking from the under portion of his automobile and went about five feet in

front of it and stooped down to see what was leaking. When he straightened up and, with his back toward the oncoming traffic, started to return to the shoulder, he was struck by his own automobile which had been propelled forward by the Cassell automobile which in turn had been struck in the rear by Pfueller's car which was being driven south. Witriol's injuries were sustained approximately five minutes after the collision between Cassell's automobile and that of Witriol. Pfueller was in the western lane and noticed the abandoned automobile approximately sixty-eight feet away. As he approached he was blinded by the sun and turned into the middle lane, but not in time to avoid running into the rear of the Cassell automobile. At the conclusion of the testimony, the trial judge directed a verdict in favor of Cassell on the basis that he had not caused the bodily injuries suffered by Witriol. No appeal was taken by Witriol from the judgment on the directed verdict. The jury was instructed that, as a matter of law, Pfueller was guilty of negligence. Pfueller has not cross-appealed. Over the objection of Witriol, the trial court submitted the case to the jury on the issue of contributory negligence. On appeal Witriol alleged that the trial court erred in submitting the case to the jury on that issue.

In determining whether a plaintiff is entitled to an instruction that he is free, as a matter of law, from contributory negligence, the evidence must be considered in a light most favorable to the defendant. *Wheeler v. Katzoff,* 242 Md. 431, 219 A. 2d 250; *Ford v. Bradford,* 213 Md. 534, 132 A. 2d 488. The test to be applied to determine if there was some evidence of contributory negligence is whether the conduct of Witriol during the sequence of events which culminated in his injury was commensurate with the conduct of a reasonably prudent man under like circumstances. *Wiggins v. State, Use of Collins,* 232 Md. 228, 192 A. 2d 515.

After the first accident, Witriol did not remove his automobile as far as possible off the traveled portion of the expressway, but moved it to a point a car's length in front of the Cassell vehicle, which was parallel to the abandoned automobile. No signals or warnings were given to alert the rapidly approaching traffic that certain lanes were blocked. Witriol left an ap-

parent place of safety with no need to do so; went to a heavily traveled lane; and stooped in front of his automobile to inspect it, apparently relying on the fact that unwarned motorists, rapidly traveling in the blocked lanes, would see the barricade of automobiles in time to avoid colliding with it. See *Martin v. Sweeney*, 207 Md. 543, 114 A. 2d 825.

Appellant relied heavily upon *Goldman v. Johnson Motor Lines*, 192 Md. 24, 63 A. 2d 622. Goldman sued Johnson Motor Lines and its agent, a truck driver, for injuries received when a Johnson Motor Line truck struck the rear of an automobile which was parked on the shoulder of the road, but jutted into the traveled portion. About 1:00 A.M. plaintiff and his wife were returning to Baltimore from Washington in their car on the Washington Boulevard, a four lane highway with no median strip. Plaintiff saw a truck collide head-on with an automobile traveling in the opposite direction. The automobile was knocked across the road with its rear against a retaining fence or guard rail on the northbound side of the road and with its front end sticking out five or six feet into the lane of traffic. Plaintiff drove past the scene of the accident, parked his car about fifty feet from it, and went to the automobile on the guard rail to render aid. Plaintiff was standing in the two foot space between the guard rail and the left rear door of the automobile. He was trying to open the left rear door when the defendant's truck struck the automobile a glancing blow and injured plaintiff. This Court held that since plaintiff was off the concrete road or at least in the two foot space between the automobile and the guard rail and that since standing in this position he had no reason to believe that he would be struck, the plaintiff was not contributorily negligent as a matter of law.

Despite the forceful and well-presented arguments to the contrary by appellant's counsel, it could reasonably be inferred from the evidence in a light most favorable to Pfueller that a prudent man would not have left a place of apparent safety with no need to do so and would not have stood in front of his vehicle parked in a traveled lane, relying on the ability of unwarned motorists, traveling rapidly in heavy traffic, to avoid successfully the vehicles stopped in the western lane. Appellant knew that the sun was bright and that Cassell had been blinded

by the sun just before impact. Since reasonable minds could have differed as to the absence or presence of contributory negligence under the circumstances of this case, this issue was properly submitted to the jury. See *Williamson Lines v. Benjamin,* 244 Md. 1, 222 A. 2d 375.

*Judgment affirmed, with costs.*