## KOPITZKI v. BOYD

[No. 132, September Term, 1975.]

*Decided April 14, 1976.*

The cause was argued before MURPHY, C. J., SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ■O'DONNELL, JJ.

*John A. Buchanan,* with whom were *Sasscer, Clagett, Channing & Bucher* on the brief, for appellant.

No brief filed on behalf of appellee.

SINGLEY, J., delivered the opinion of the Court. MURPHY, C. J., dissents and filed a dissenting opinion at page 498 *infra.*

The question presented by this appeal is whether a driver on a favored boulevard involved in a collision with a driver on an unfavored road who fails to yield the right-of-way is entitled to the protection of the boulevard law in a negligence action filed against him by his passenger.

The accident occurred at 9:15 p.m. on 29 October 1971, on Branch Avenue, a four-lane divided highway in Prince George's County (the favored highway), at its intersection

with a private access road (the unfavored road), which was controlled by a stop sign, *see* Maryland Code (1957, 1970 Repl. Vol.) Art. 66½, § 11-403 (b) and (c). The evidence showed that Frederick Kopitzki was driving in a northerly direction on Branch Avenue with Wilma Boyd as his passenger.[1] David Kitchen, driving a van on the unfavored road, stopped his vehicle at the Branch Avenue intersection where he had planned to cross the northbound lanes of the favored highway in order to proceed south on Branch Avenue. According to Kitchen's testimony, he saw two sets of headlights "way up the road" as he entered Branch Avenue. The next thing he remembered, "the [Kopitzki] car was on me and I blacked out." Kitchen placed the point of impact at almost the median strip.

John Doyle, traveling in a northerly direction in the left-hand lane of Branch Avenue at the time of the accident, testified that Kopitzki drove past him in the right-hand lane at a speed of 70 to 80 miles per hour. At this moment, according to Doyle, Kitchen's van was approximately 150 to 200 feet ahead and began to move onto the highway from the unfavored road. Kopitzki, after passing Doyle on the right, moved into the left-hand lane but, in Doyle's opinion, could not have swerved to avoid Kitchen's van, which Doyle said was in the left-hand lane prior to the impact. Another eyewitness to the accident, Joseph Proctor, Jr., observed Kopitzki proceeding on Branch Avenue at about 80 to 90 miles an hour. He testified that he thought the collision occurred in the left-hand, northbound lane of Branch Avenue. Mrs. Boyd and Trooper Perkins, who investigated the accident, testified that the collision occurred when Kopitzki was in the right-hand lane.

Kopitzki's passenger, Wilma Boyd, testified that Kopitzki had one beer shortly before the accident. She placed the point of impact in the right-hand lane. To her knowledge, Kopitzki was not exceeding the speed limit at the time of the accident. There was evidence indicating that the posted

1. Kopitzki was driving Mrs Boyd's car. The questions of Kopitzki's agency and Mrs. Boyd's control were raised below, but have not been pursued on appeal.

speed limit was either 45 or 50 miles per hour, road conditions were good, and the area of impact was well illuminated.

The investigating police officer testified that Kopitzki's condition was normal as to sobriety. There was, however, testimony from Kitchen's father that he smelled alcohol on Kopitzki's breath several hours after the accident.

In her suit filed in the Circuit Court for Prince George's County against Kitchen and Kopitzki for personal injuries suffered in the accident, Mrs. Boyd alleged that both drivers were negligent. Kopitzki's motion for a directed verdict against Mrs. Boyd was denied, and the case was submitted to the jury, which returned verdicts in favor of Mrs. Boyd against Kopitzki and Kitchen in the amount of $25,000.00.[2]

On appeal, Kopitzki contends that the lower court erred in not directing a verdict in his favor against his passenger, Mrs. Boyd. He asserts that the boulevard law is plainly applicable, and that, notwithstanding evidence of speeding and drinking on his part, the sole proximate cause of the accident was the failure of Kitchen, the unfavored driver, to yield the right-of-way to him as the driver on the favored boulevard.

In *Creaser v. Owens*, 267 Md. 238, 297 A. 2d 235 (1972), where suit was brought by the unfavored driver against the favored driver, Judge Digges, for the Court, undertook the distillation of our cases where entry onto a boulevard was at issue. There, three situations were identified. When suit is brought by the unfavored driver against the favored driver, the unfavored driver is contributorily negligent as a matter of law, *Creaser v. Owens, supra,* 267 Md. at 244; *Trionfo v. Hellman,* 250 Md. 12, 18-19, 241 A. 2d 554, 558 (1968); *Shedlock v. Marshall,* 186 Md. 218, 235, 46 A. 2d 349, 357 (1946); *Greenfeld v. Hook,* 177 Md. 116, 133, 8 A. 2d 888, 896 (1939).

---

2. A directed verdict in favor of Kopitzki was granted as to the cross-claim filed against him by Kitchen. Kitchen did not appeal either from the granting of the directed verdict or from the judgment entered against him.

Where suit is brought by the favored driver against the unfavored driver, the unfavored driver is negligent as a matter of law, *Brown v. Ellis*, 236 Md. 487, 494, 204 A. 2d 526, 529 (1964); *Shedlock v. Marshall, supra,* 186 Md. at 235.

This does not mean, however, that the unfavored driver will always be unsuccessful in his suit against the favored driver, or will always be answerable in damages in a suit brought against him by the favored driver. If suit is brought by the unfavored driver, he may recover if the circumstances permit the application of the doctrine of last clear chance, *Greenfeld v. Hook, supra,* 177 Md. at 133. If suit is brought by the favored driver, the unfavored driver may avoid liability in the rare case in which the unfavored driver can convince the jury that the favored driver's negligence was a proximate cause of the accident, *Brown v. Ellis, supra,* 236 Md. at 495; *Dunnill v. Bloomberg,* 228 Md. 230, 233, 179 A. 2d 371, 373 (1962); *Green v. Zile,* 225 Md. 339, 345-46, 170 A. 2d 753, 756 (1961); *Harper v. Higgs,* 225 Md. 24, 32, 169 A. 2d 661, 664 (1961).

These same principles are applicable where suit is brought against the favored driver by his passenger, *Thompson v. Terry,* 245 Md. 480, 487, 226 A. 2d 540, 544 (1967); *Harper v. Higgs, supra,* 225 Md. 24; *Sun Cab Co. v. Cusick,* 209 Md. 354, 121 A. 2d 188 (1956); *Sun Cab Co. v. Hall,* 199 Md. 461, 465, 86 A. 2d 914, 916 (1952); *Monumental Motor Tours, Inc. v. Becker,* 165 Md. 32, 35, 166 A. 434, 435 (1933). While the excessive speed of the favored driver will not ordinarily be considered a cause contributing to the accident, *Hensel v. Beckward,* 273 Md. 426, 431, 330 A. 2d 196, 199 (1974); *Thompson v. Terry, supra,* 245 Md. at 487; *Sun Cab Co. v. Faulkner,* 163 Md. 477, 479, 163 A. 194, 194-95 (1932), if there is evidence from which a jury could find that the favored driver was inattentive, and that but for his inattention the accident could have been avoided, the favored driver's negligence becomes a jury issue, *Green v. Zile, supra,* 225 Md. at 345; *Harper v. Higgs, supra,* 225 Md. at 32; *Sun Cab Co. v. Hall, supra,* 199 Md. at 466-67. In *Pinchbeck v. Baltimore Tank Lines, Inc.,* 258 Md. 211, 265 A. 2d 238 (1970), we affirmed the granting of a directed verdict for the

unfavored vehicle which had been hit by the favored vehicle operating at a speed of 80 miles per hour.

Ten years ago, John W. T. Webb, in writing for the Maryland Law Review, *Bothersome Boulevards*, 26 Md. L. Rev. 111, 122-23 (1966), was able to identify only five such rare cases where liability was imposed on the favored driver, *Greenfeld v. Hook, supra,* 177 Md. 116 (last clear chance); *Sun Cab Co. v. Hall, supra,* 199 Md. 461 (taxicab company liable to passenger in favored vehicle, inattention, last clear chance); *Harper v. Higgs, supra,* 225 Md. 24 (inattention); *Green v. Zile, supra,* 225 Md. 339 (inattention) and *Brown v. Ellis, supra,* 236 Md. 487 (whether favored driver could have avoided accident if attentive *held* a jury issue).

Based on his review of the "rare" cases, the author concluded:

> "There is, therefore, no justification for further extension of the privilege of the favored driver into situations where he has originally been driving unlawfully or carelessly. Ordinarily, in most boulevard cases it is not material what the favored driver was doing. The accident would never have happened if the unfavored vehicle had yielded right of way, and the conduct of the unfavored driver is the sole proximate cause of the accident. But if it can be shown that the favored driver could have avoided the accident if he had been operating lawfully and with due care, then the negligence of the favored driver should be an issue for the jury. On the few recent decisions involving the negligence of the favored driver cited above, it can be argued that this is the present trend." 26 Md. L. Rev. at 125.

In the years which have followed, this prediction has acquired additional support in *Pinchbeck v. Baltimore Tank Lines, Inc., supra,* 258 Md. 211; *Cornias v. Bradley,* 254 Md. 479, 255 A. 2d 431 (1969); *Racine v. Wheeler,* 245 Md. 139, 225 A. 2d 444 (1967).

The question here is whether this is the "rare" case where

the question whether Kopitzki's negligence was a proximate cause of Mrs. Boyd's injury was properly submitted to the jury. We think that it was, and that under the facts of the case, the jury could have found, as it did, that Kopitzki's negligence made him jointly liable to Mrs. Boyd, without absolving Kitchen of liability.

The point is that this is not typical of the cases such as *Greenfeld v. Hook, supra*, 177 Md. at 126, involving "nice considerations of speed, time and distance," because here there was testimony that Kopitzki's vehicle was being operated at a speed of from 70 to 90 miles per hour (nearly twice the posted limit). Additionally, Doyle, who said he was a "bad judge of distance," testified that Kitchen's van, when Kopitzki passed Doyle, was moving into the highway at a distance of "maybe two blocks" and later estimated the distance from Kopitzki's car to the van to be 150 or 200 feet. The short of it is that Doyle, who admitted that he too was exceeding the speed limit at the time, was able to avoid striking Kitchen, without jamming on his brakes. The jury could have found that it was Kopitzki's inattention that was a proximate cause of the accident. This was negligent conduct which would support Mrs. Boyd's claim against Kopitzki, and Mrs. Boyd was entitled to have the jury consider it, *Brown v. Ellis, supra*, 236 Md. at 495.

Judge Northrop observed in *Goosman v. A. Duie Pyle Co.*, 206 F. Supp. 120, 127 (D. Md. 1962):

> "The prohibition against making *nice calculations* does not prevent a jury and judge from making *all calculations of every nature;* the prohibition pertains only to those close, hair-splitting calculations which cannot be expected of a reasonably prudent favored driver when immediately confronted by an intrusion upon his right of way. Where the times and distances are great, the calculations are no longer 'nice' and the prohibition is inapplicable." (emphasis in original).

*Judgment affirmed; costs to be paid by appellant.*

*Murphy, C. J. dissenting*:

While the Court has properly identified the issue, *i.e.*, "whether this is the 'rare' case where the question whether Kopitzki's negligence was a proximate cause of Mrs. Boyd's injury was properly submitted to the jury," it has erred in concluding that it was such a case; I, therefore, respectfully dissent.

We noted in *Creaser v. Owens*, 267 Md. 238, 297 A. 2d 235 (1972), that when the boulevard rule is applicable, the unfavored driver who fails to yield the right-of-way is negligent as a matter of law and is the sole proximate cause of the collision except in the rare case where his conduct is rescued by the doctrine of last clear chance or when the issue of contributory negligence on the part of the favored driver is properly submitted to a jury, *i.e.*, whether the favored driver was guilty of negligence that was a proximate cause of the accident. *Creaser v. Owens, supra* (267 Md. at 245). Excessive speed of the favored driver on the through highway will not ordinarily be considered a cause contributing to the accident. *Hensel v. Beckward*, 273 Md. 426, 330 A. 2d 196 (1974); *Creaser v. Owens, supra; Thompson v. Terry*, 245 Md. 480, 226 A. 2d 540 (1967); *Dunnill v. Bloomberg*, 228 Md. 230, 179 A. 2d 371 (1962); *Belle Isle Cab Co. v. Pruitt*, 187 Md. 174, 49 A. 2d 537 (1946). As our predecessors stated in *Sun Cab Co. v. Faulkner*, 163 Md. 477, 163 A. 194 (1932), a case involving, as here, a suit by a passenger in the favored vehicle against the favored driver:

> "If negligence is found in the rate of speed at which the . . . [favored vehicle] was being driven, that fact alone does not, of course, answer the question of liability. The negligence must have been the cause of the collision. . . ." 163 Md. at 479.

In *Motor Tours v. Becker*, 165 Md. 32, 166 A. 434 (1933), the only evidence of negligence on the part of the favored driver who was involved in an accident with an unfavored vehicle which failed to yield the right-of-way was excessive speed. In a suit against the favored driver by his passenger,

the Court said that whether the case was one properly for the jury depended upon whether the speed of the favored vehicle could reasonably be regarded as a proximate cause of the accident. It was there concluded that because there was no evidence that the driver of the favored vehicle could have avoided the collision after the danger of its occurrence became apparent, his excessive speed was not a proximate cause of the accident and his passenger could not recover from him.

*Sun Cab Co. v. Cusick,* 209 Md. 354, 121 A. 2d 188 (1956), also involved a suit by a passenger in a favored vehicle against the favored driver who, at the time he collided with the unfavored vehicle, was exceeding the speed limit. We held that even though the favored driver was exceeding the speed limit, it was the negligence of the unfavored driver in failing to yield the right-of-way, and not the excessive speed of the favored driver, that was the proximate cause of the accident, there being no evidence that the accident could have been avoided had the favored driver been proceeding within the speed limit. To like effect, *see Redmiles v. Muller,* 29 Md. App. 304, 348 A. 2d 291 (1975).

Evidence legally sufficient to find the favored driver's negligence to be a proximate cause of the accident must be positive evidence of inattention or lack of due care not based on "nice calculations of speed, time or distance." *Brown v. Ellis,* 236 Md. 487, 495, 204 A. 2d 526 (1964); *Harper v. Higgs,* 225 Md. 24 at 36, 169 A. 2d 661 (1961). The majority cites several "rare" cases where liability was imposed on the favored driver. In each of those cases, however, the favored driver's negligence was a jury issue because of evidence introduced from which the jury could properly find that the favored driver was inattentive to his driving, and that but for his inattention, the accident could have been avoided. For example, *Sun Cab Co. v. Hall,* 199 Md. 461, 86 A. 2d 914 (1952), involved a suit by a passenger in the favored vehicle against the favored driver who collided with a vehicle which entered the boulevard from an unfavored road. There, the alleged negligence of the favored driver was considered to be a jury question in view of testimony of inatten-

tion on his part, coupled with an apparent opportunity to avoid the accident had he been looking. The Court there said:

> ". . . the driver on a boulevard is not obliged to anticipate that someone will negligently come into his path, but he is not excused from liability to his passengers if someone does come in, and he fails to avoid a collision because he did not look in time to see what was inevitable. . . . [T]he jury . . . [could have found from the evidence] that had the . . . [favored driver] been looking, he could have seen the other car entering the intersection, and he could have seen this when he was far enough away to have avoided the accident . . . ." 199 Md. at 467.

Similarly, in *Harper v. Higgs, supra,* the favored driver was found to be negligent in a suit filed against her by the passenger in the unfavored vehicle; in that case there was evidence that the favored driver was so busy talking to her passengers, and so inattentive to her driving, that she failed to observe the unfavored driver's entrance onto the boulevard in time to avoid the accident. In *Green v. Zile,* 225 Md. 339, 170 A. 2d 753 (1961), the negligence of the favored driver was held to be a jury issue because of evidence showing that he could have avoided the accident if attentive; there the favored driver failed to see a large and plainly visible tractor-trailer which had been obstructing the intersection for some time prior to impact with the favored vehicle, giving rise to a permissible inference that the favored driver was negligent in not keeping a proper lookout.

The Court alludes to *Pinchbeck v. Baltimore Tank Lines, Inc.,* 258 Md. 211, 265 A. 2d 238 (1970), as a case in which the favored driver's negligence in speeding at 80 miles per hour was found to constitute a proximate cause of an accident with an unfavored driver. That case, however, turned on the favored driver's inattention to his driving, and not on the excessive speed of his vehicle. The favored driver admitted he had seen the unfavored truck, which was 55 feet long and had five lights across the top of the cab, two tail lights, two

combination stop and turn lights, a light on each corner, two reflectors on the bumper and three lights across the top, in the intersection before the collision. There was also evidence that the favored driver failed to use a safe escape route provided by the median strip.

The contrast between *Pinchbeck* and the other so-called "rare" cases, and the present case is clear. While there was evidence that Kopitzki was speeding and had one alcoholic drink shortly prior to the accident, there was no evidence that he was inattentive to his driving or failed to maintain a proper lookout. There was no evidence to indicate that Kopitzki could have avoided the collision. In fact, the eyewitness to the accident, John Doyle, testified that once Kitchen pulled onto the highway "an accident was inevitable" because "they couldn't get out of each other's way." The evidence that Kopitzki was only 200 feet away from the intersection with the unfavored road when the unfavored driver entered the highway leads me to conclude that Kitchen pulled into Kopitzki's path immediately prior to the collision and that Kopitzki could not have swerved in time to avoid the accident. Even if Kopitzki saw Kitchen on the access road before Kitchen moved onto the highway, he was not obliged to anticipate that the unfavored vehicle would negligently come into his path. *Sun Cab Co. v. Hall, supra.* In the circumstances of this case, the only way a jury could have found that Kopitzki's excessive speed constituted a concurring proximate cause of the accident was to indulge in the type of "nice calculations of time, speed and distance" forbidden by *Harper v. Higgs, supra,* and *Brown v. Ellis, supra.* That the jury was permitted to do so constituted error.

That Kopitzki had had one beer just prior to the accident, would not, in itself, make his conduct a proximate cause of the accident where, as here, no nexus between the drinking and the accident was ever remotely shown and the evidence affirmatively established that Kopitzki could not have avoided the accident after Kitchen violated his statutory duty to yield the right-of-way. *See Quinn Freight Lines v. Woods,* 266 Md. 381, 389, 292 A. 2d 669 (1972); *Johnson v.*

*Dortch,* 27 Md. App. 605, 342 A. 2d 326 (1975); *Tippett v. Quade,* 19 Md. App. 49, 309 A. 2d 481 (1973). I, therefore, see no distinction between this case and our prior decisions where speeding or drinking or both were held to be insufficient, without positive evidence of inattention, to establish favored driver liability. I would reverse the judgment entered against Kopitzki.