## SCHWIER ET UX. *v.* GRAY

[No. 150, September Term, 1975.]

*Decided May 14, 1976.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*John F. Calabrese* and *Steven Rosen*, with whom were *DePaul, Willoner & Kenkel, P.A.* on the brief, for appellants.

*Leon Shampain*, with whom were *Vaughan & Shampain* and *John J. Corbley* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

This is yet another "boulevard rule"[1] case, but unlike most that have reached this Court, where unfavored drivers

---

1. As characterized by Judge Scanlan, for the Court of Special Appeals, in Tippett v. Quade, 19 Md. App. 49, 58, 309 A. 2d 481 (1973), this is legal shorthand for the judicial construction afforded the several requirements imposed by Maryland Code (1957, 1970 Repl. Vol., 1975 Cum. Supp.), Art. $66^{1}/_{2}$, §§ 11-401 to -404.1. Subsection (c) of § 11-403, the provision relevant to this case, provides:

> "*Stopping in obedience to stop signs.* — The driver of a vehicle ... shall come to a full stop in obedience to a stop sign and yield the right-of-way to a vehicle approaching on the intersecting highway as required herein at an intersection where a stop sign is

were attempting to collect from favored drivers, here a favored operator is endeavoring to recover damages from an unfavored operator. The principal question for us to resolve in this appeal is whether there was sufficient evidence of contributory negligence on the part of the favored driver to authorize the submission of that issue to the jury. As we agree with the trial judge that there was, and since with respect to the other contentions raised by the favored driver we discern no reversible error, we will affirm the trial court's entry of final judgment in accordance with the jury's verdict for the unfavored driver.

The accident which is the genesis of this appeal occurred at dusk on the evening of April 16, 1972, when the plaintiff-petitioner Donald M. Schwier, while traveling on his motorcycle in an easterly direction along Annapolis Road (Route 450) in Prince George's County, collided with an automobile owned and operated by the defendant-respondent Horace Malyn Gray. The vehicle driven by Gray, having just traversed an exit ramp leading from the Baltimore-Washington Parkway to Annapolis Road, was beginning to cross the two eastbound lanes of Route 450 (at that point a four-lane highway divided in the center by a concrete median strip) and had actually intruded one to three feet onto Annapolis Road when the impact occurred. Schwier, who had been traveling in the right (outside) lane of Route 450 behind an automobile being driven in the same lane by Paul Snead, overtook the Snead vehicle when it stopped or nearly stopped in response to Gray's encroachment upon Route 450. As Snead decelerated, Schwier moved into the left lane, passed Snead, and then abruptly veered back into the right lane in such a manner as to bring his motorcycle close enough to the outside edge of Annapolis Road to collide with that portion of Gray's car which was encroaching upon Route 450. Since this intersection was controlled by a stop sign which required

---

erected at one or more entrances thereto although not a part of a through highway."

*See in addition* Art. 66½, § 1-198 (definition of "through highway") and § 11-403 (b) (duty to stop at entrance to through highway).

vehicles using the exit ramp to stop and yield the right-of-way to those traveling on Annapolis Road, motorcyclist Schwier was the favored driver and automobilist Gray the unfavored. Maryland Code (1957, 1970 Repl. Vol.), Art. 66½, § 11-403 (c).

Seeking compensation for his personal injuries and property damage, Schwier instituted this law action against Gray in the Circuit Court for Prince George's County. During the trial, at the close of all the evidence, Schwier made a motion for a directed verdict in his favor but Chief Judge Ralph W. Powers, concluding that there was sufficient evidence of contributory negligence on the part of the favored driver to require resolution of that issue by the jury, declined to grant the motion. The jury thereafter returned a verdict for Gray, the unfavored driver; this appeal followed.

In order to make a proper disposition of the issues presented in this appeal it is imperative that we recall and keep in mind this State's oft-asserted law with respect to the relative rights, duties and responsibilities of favored and unfavored drivers when, as here, the boulevard rule is applicable; consequently, we will in a summary manner set out these well-settled legal principles. We do so primarily by quoting the following passage from *Creaser v. Owens*, 267 Md. 238, 245, 297 A. 2d 235 (1972), one of our more recent decisions dealing with the boulevard rule:

> "[I]f an unfavored driver is involved in an accident with a favored vehicle under circumstances where the boulevard law is applicable then in a suit based on that collision the unfavored driver is deemed to be negligent as a matter of law. [Thus], if the unfavored driver is a *plaintiff*, his suit is defeated [as a matter of law] unless the doctrine of last clear chance rescues his claim. [On the other hand], if the unfavored driver is a *defendant* [and the favored driver is the plaintiff (the present case), then the unfavored driver] is liable [, again as a matter of law,] except in the rare case when the issue of contributory negligence on the part of the favored

driver is properly submitted to a jury [or is determined to be present as a matter of law]. . . ." (Citations omitted and emphasis added.)

To a like effect are *Kopitzki v. Boyd*, 277 Md. 491, 355 A. 2d 471 (1976) and *Hensel v. Beckward*, 273 Md. 426, 330 A. 2d 196 (1974).

Since Gray concedes he entered a favored highway (Annapolis Road) from an unfavored highway (an exit ramp controlled by a stop sign), that when he did so he failed to yield the right-of-way to the operator of a favored vehicle (Schwier), and that the ensuing accident occurred within the intersection, it is clear Gray was, as a matter of law, guilty of primary negligence which was a proximate cause of the accident. *Kopitzki v. Boyd, supra,* 277 Md. at 495; *Hensel v. Beckward, supra,* 273 Md. at 429; *Creaser v. Owens, supra,* 267 Md. at 244-45.

Having established the unfavored driver's negligence, we now turn to the nub of this appeal — was the trial court correct in submitting to the jury the issue of whether the favored driver was contributorily negligent? Gray asserts that there was sufficient evidence of such negligence to present a jury question, while Schwier contends that he was free of contributory negligence as a matter of law. "Where there is a conflict of evidence as to material facts relied upon to establish contributory negligence, or the act is of such a nature that reasonable minds, after considering all the circumstances surrounding the accident, may draw different conclusions as to whether it constituted contributory negligence, it is not for the court to determine its quality as a matter of law, but it is for the jury to pass upon it." *Heffner v. Admiral Taxi Service,* 196 Md. 465, 473-74, 77 A. 2d 127 (1950); *see Campbell v. State,* 203 Md. 338, 347, 100 A. 2d 798 (1953). Thus the test to be applied here is could reasonable minds differ as to whether Schwier's conduct, during the sequence of events which ultimately culminated in the collision, was commensurate with the conduct of a reasonably prudent person acting under like or similar circumstances. *Witriol v. Pfueller,* 247 Md. 177, 182, 230 A. 2d 346 (1967); *Wheeler v. Katzoff,* 242 Md. 431, 436, 219 A. 2d

250 (1966). And in order to decide this issue we must, of course, consider the evidence and all logical and reasonable inferences deducible therefrom in the light most favorable to the defendant, Gray, upon whom rested the burden of proving contributory negligence. *Witriol v. Pfueller, supra,* 247 Md. at 180; *Wheeler v. Katzoff, supra,* 242 Md. at 436. Under this light there was evidence which, if believed by the jury, would indicate the following: Schwier was operating his motorcycle along the favored highway at 65 miles per hour, which was nearly double the posted speed limit of 35 miles per hour; he was in a "stuporous state from the effect of alcohol"; he "whipped around" the Snead automobile on a wet road at dusk, swerving from the right lane into the left lane and then, although nothing prevented him from continuing in that lane, veering back, while traveling forward only 30 more feet, into the right lane and across it to a point within one foot of its outer edge (both lanes being 12 feet wide); and Gray's automobile had its headlights on and was entering the favored highway at an angle such that its front was slightly pointed toward Schwier. It is our view that reasonable minds may well differ as to whether Schwier's speed, intoxication, recklessness in maneuvering his motorcycle and failure to keep a proper lookout — if found to have existed — demonstrated inattention to the operation of his vehicle sufficient to constitute negligence which was a concurrent cause of the accident; consequently, this was an issue to be assayed by the jury, and not by the court as a matter of law. *See Kopitzki v. Boyd, supra,* 277 Md. at 497, and cases cited therein.

Schwier next asserts that the trial court committed reversible error by failing to instruct the jury that Gray, as the unfavored driver, was negligent as a matter of law. Although such an instruction would have been proper since Gray conceded that his vehicle had encroached upon the favored highway, Schwier cannot now complain about the trial judge's failure to give the instruction as he neither sought it before the court delivered its jury charge nor afterwards excepted to the charge on the ground that it was not given. Maryland Rule 554 d, e. We reject the favored

driver's somewhat belated suggestion that his motion for a directed verdict in his favor was sufficient to constitute a request for an instruction that Gray was, as a matter of law, negligent. The problem with Schwier's proposition is that if the motion was granted as made it would have embraced not only the permissible holding that the unfavored driver was negligent as a matter of law, but also, for reasons already explained, the impermissible holding that the favored driver was free of contributory negligence as a matter of law.

Finally, the favored driver urges, as he did in the trial court, that "[under the court's] instruction, the jury was [erroneously] led to believe that if [it] found that Mr. Schwier had been drinking and/or had been speeding, then he was automatically guilty of contributory negligence." It is well settled in Maryland that when considering the adequacy of jury instructions we will consider the charge as a whole and will not select out words, phrases or sentences which might, of themselves and out of context, appear to be misleading or inartful. *Clayborne v. Mueller*, 266 Md. 30, 40-41, 291 A. 2d 443 (1972); *Jones v. Federal Paper Bd. Co.*, 252 Md. 475, 484-85, 250 A. 2d 653 (1969). We think that a reading of the entire instruction demonstrates that the trial court properly explained to the jury the meaning of contributory negligence and proximate cause as they relate to the facts of this case, including the evidence of the favored driver's drinking and speeding. Finding no reversible error committed by the trial court, we will affirm its judgment.

> *Judgment of the Circuit Court for Prince George's County affirmed.*
> *Costs to be paid by the appellants.*